The Judges,
after duly considering this case, were clearly of opinion, that the magistrate had not exceeded his authority, or acted in any degree oppressively on the present occasion. If it had been an accidental thing, or if the words had been spoken in the sudden heat of passion, the justice in pity to her weakness might have overlooked it, or at most have fined her for her improper behaviour. But this appears to have been a deliberate act on her part; she went on purpose to insult him, and that, too, at a time when he was acting in his judicial capacity as a justice of the peace, before a number of citizens then on public business with him ; he had therefore no other mode sufficiently speedy and effectual to check her insolence, but by commitment ; as in all probability, she would have laughed to scorn and contempt at his fine, or demand of good beha-viour ; for she herself said, she went to laugh at him, and defied his power of commitment. The authority given by the act of assembly to fine for contempts, does not take away the common law remedy of commitment, for this is a power incident to every court of judicature, from the highest' to the lowest, and without it good behaviour and order could not be preserved. A justice of the peace sitting in his judicial capacity, forms a court for the determination of all matters within his jurisdiction, and he is clothed by law with sufficient powers to defend his authority, if he chooses to exercise them, and he may make himself a judge in his own cause, and commit for contempts offered to his face, as is laid down in 1 Strange, 420. Salk. 698. and as was determined in the case of Lining v. Bentham, in this court, after solemn argument.
That it is the duty of this court, to support the magistrates of the country in the due execution of their duty, and *388 unless they act corruptly or oppressively, it never will pu~ nish them in a criminal way when they mean well, even if they should mistake the law upon small or immaterial. points. In the present case, however, there does not appear to have been any mistake. The magistrate acted legally and properly in his own defence, and in support of his judicial authority.
Gaillard and MlCredie for the motion, Ward and Chevesf against it.
Let the verdict be set aside, and a new trial granted.
Present, Grimke, Waties, Bay, Johnson, Trezevanx and Brevard.